IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DISH NETWORK L.L.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:15CV874 |
| | ) | |
| LEVANDER JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiffs Dish Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC's (collectively "DISH Network" or "Plaintiffs") Motion to Compel Defendant's Discovery Responses and Disclosures. (Docket Entry 21.) Defendant Levander Jones, pro se, has not filed a response. For the following reasons, the Court will grant Plaintiffs' motion to compel and order Defendant to respond to Plaintiffs' discovery requests.

## I. BACKGROUND

DISH Network filed this action against Defendant alleging violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, based upon Plaintiff's alleged trafficking in server passcodes that are designed to circumvent DISH Network's security system and allow access to its satellite broadcasts of video, audio and data services without paying for such services. (*See generally* Compl., Docket Entry 1.) DISH Network is a multi-channel video provider that provides services to millions of customers through a direct broadcast satellite system. (*Id.* ¶ 9.) By payment of a subscription fee, its customers are authorized to view

1

entertainment services through DISH Network. (*Id.* ¶ 10.) DISH Network alleges that it has received information showing that Defendant obtained server passcodes intended to circumvent DISH Network's security system and ultimately provide services to his customers (and for his own personal use) without purchasing a subscription from DISH Network. (*Id.* ¶¶ 25-28.) As a result, DISH Network has suffered imminent irreparable harm, including damage to its business reputations and goodwill. (*Id.* ¶ 29.)

On May 17, 2016, DISH Network served its First Set of Interrogatories and First Set of Requests for Production of documents on Defendant. (Kevin A. Goldberg Decl. ¶¶ 3-4, Docket Entry 21-2; Exs. 1-3, Docket Entry 21-3 at 1-16.) Defendant's response was due June 20, 2016. Defendant's initial disclosures were due on May 31, 2016. To date, Defendant has not provided disclosures or a response to DISH Network's discovery requests. (Goldberg Decl. ¶ 11.) DISH Network made numerous attempts to obtain discovery responses from Defendant prior to filing the pending motion. (Exs. 5-6, Docket Entry 21-3 at 19-22.) DISH Network now seeks an order from the Court compelling Defendant to respond to discovery requests without objection, and to produce his initial disclosures. (Docket Entry 21.) Defendant has not filed a response to DISH Network's motion.

## II. DISCUSSION

As a general rule, Federal Rule 26(b) provides general provisions regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether

the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Discovery rules are to be accorded broad and liberal construction. *See Herbert v. Lando,* 441 U.S. 153, 177 (1979); and *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). Nevertheless, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.,* 43 F.3d 922, 929 (4th Cir. 1995); *Erdmann v. Preferred Research, Inc. of Georgia,* 852 F.2d 788, 792 (4th Cir. 1988). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Carter Hughes v. Research Triangle Inst.,* No. 1:11CV546, 2014 WL 4384078, at *2 (M.D.N.C. Sept. 3, 2014) (citation omitted).

Defendant Levander Jones is proceeding pro se. "A *pro se* litigant is entitled to some consideration of his non-lawyer status[.]" *Crisp v. Allied Interstate Collection Agency,* 149 F. Supp. 3d 589, 593 (M.D.N.C. 2016) (emphasis in original). However, "[a]s the United States Supreme Court observed in *McNeil v. United States,* 508 U.S. 106, 113 (1993), '[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.' Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Dewitt v. Hutchins,* 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004) (internal parallel citations and second set of internal quotation marks omitted).

3

Pursuant to the Federal Rules of Civil Procedure, a party may direct interrogatories to an opposing party and "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Likewise, a party may request upon another party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" designated documents within the responding party's possession or control. Fed. R. Civ. P. 34(a). "[A] party may move for an order compelling disclosure or discovery" if the responding party fails to make disclosures or to cooperate in discovery. Fed. R. Civ. P. 37(a)(1).

DISH Network contends that Defendant has failed to satisfy his obligations under the Federal Rules and the Court's Local Rules.[1] (Docket Entry 21-1 at 4.) As previously noted, Defendant has not responded to contest this assertion, nor has he provided any excuse for his failure to produce the discovery requests. Furthermore, the Court does not find any clear basis to deem DISH Network's request as improper. Thus, Defendant must respond to DISH Network's interrogatories, and produce documents that have been requested. Defendant must also produce initial disclosures to DISH Network. "Because [Defendant] has not provided the court with any justification for [his] failure to respond, any objections that [Defendant] may have had to the discovery requests are deemed waived." *Thompson v. Navistar, Inc.*, No. 5:10-CV-127-FL, 2011 WL 2198848, at *2 (E.D.N.C. June 6, 2011); *see* Fed. R. Civ. P. 33(b)(4)

---

[1] Because Defendant "fail[ed] to file a response [to Plaintiffs' motions] within the time required by [this Court's Local Rules], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L.R. 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession).

4

(stating that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure").

## III. CONCLUSION

For the reasons stated herein,

**IT IS HEREBY ORDERED** that Plaintiffs' motion (Docket Entry 21) is **GRANTED**. Defendant Levander Jones shall respond to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents on or before **September 15, 2016**. Defendant shall also produce initials disclosures to Plaintiffs on or before **September 15, 2016**.

Joe L. Webster<br>
United States Magistrate Judge

August 25, 2016
Durham, North Carolina